IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TOMMY D. HALL                                                                                PLAINTIFF

        v.                              Civil No. 4:09-cv-04081

OFFICER NICK ELROD,
Texarkana Police Department,
Texarkana, Arkansas; OFFICER
JEREMY GORDON, Texarkana
Police Department; and SGT.
DEVIN WARNER, Texarkana
Police Department                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        Plaintiff, Tommy D. Hall (hereinafter Hall) filed this civil rights action pursuant to the

provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*

        Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F.

Barnes, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.  Currently before me is a motion to dismiss (Doc. 12) filed by the

Defendants.  Defendants maintain Hall's claims have no merit and are barred by the statute of

limitations.  Hall responded (Doc. 17 and Doc. 18) to the motion.  The motion is ready for decision.

### Background

        According to the allegations of the complaint (Doc. 1) and supplement to the complaint (Doc.

4), on August 27, 2004, Hall was in his vehicle at approximately 11:00 p.m. when Defendants

observed him backing off a dead road.  The Defendants, at the time in plain clothes and in an

unmarked vehicle, followed him.  The asserted reason for following Hall was that it was a high drug

trafficking area and they wanted to know what he was doing in the area at that time of the night.

        After he made a number of turns through the neighborhood, Hall alleges Defendants had him

stopped by a marked patrol unit for allegedly committing a traffic offense.  After Defendant Jeremy

Gordon left his vehicle and ran towards Hall's vehicle with a weapon drawn, Hall states he began

to drive in reverse to escape harm.  Hall was arrested for fleeing and $2,715 and marijuana were seized from him and he was taken to jail.  His passenger, Tonda Ford, went with the Defendants and was questioned.

The police report indicated Ford stated that Hall had thrown drugs out of the window of the vehicle.  Ford showed the officers where the drugs could be found .  Hall states he was later charged with a possession of a controlled substance.  Defendants maintained Hall confessed to the drug offense but Hall denied this.

Hall asserts he was illegally searched, then falsely imprisoned, and maliciously prosecuted. He alleges the Defendants attempted to maintain a false prosecution against him by filing a false police report, No. 4-6329, and providing false testimony at a revocation hearing held on August 25, 2005, and at a forfeiture hearing held on September 6, 2006.  Hall maintains an order of *nolle prosequi* was entered as to the felony drug charge on November 2, 2006, with a one year statute for re-filing the charges.

Hall states he has been incarcerated since August 27, 2004, due to Defendants' actions.  He further states that his bond was surrendered on another offense and his probation was revoked on August 24, 2005.   The felony possession of drugs charge, case no. CR 04-567-1, was dismissed. Due to Defendants' conduct, Hall indicates he was convicted of a misdemeanor possession charge.

As relief, Hall asks for $3,500 per day for the days he was held on the felony drug offense, August 27, 2004, to November 2, 2006.  Further, he asks for reimbursement of his legal fees.  He also maintains he suffered additional damages because the felony drug charge caused his bond to be revoked and $2,715 was seized due to false evidence.

## Arguments of the Parties

Defendants have now moved to dismiss this action.  First, Defendants argue Hall's claims simply have not merit.  They point out he was convicted of the possession of a controlled substance and admits he had marijuana on his person when arrested.  Second, they maintain the alleged constitutional violations occurred in connection with Hall's arrest on August 27, 2004.  As such, they

maintain the claims are time-barred and should be dismissed.  Further, they note that as police officers they had no control over Hall's prosecution.

In opposition, Plaintiff argues that because of the application of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) he could not file this lawsuit until the felony offense of possession of a controlled substance was dismissed.  This occurred on November 2, 2006.  As this case was filed on July 28, 2009, he maintains it was filed within the three year statute of limitation.

## Discussion

Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations."  *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

The general rule is a statute of limitations begins to run from the date of the act alleged to be unconstitutional.  However, there are exceptions.  As noted above, Hall maintains the exception based on the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) applies in this case.

In the *Heck* case the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction. *Heck*, 114 S. Ct. at 2372 n. 7. Specifically, the Court said:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See, Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996)("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will not necessarily demonstrate the invalidity of his conviction.").

In support of his argument that his claims did not accrue until the felony drug offense was dismissed, Hall cites the Court to *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990). In that case, the Plaintiff alleged that the "individual defendants caused the bringing of criminal charges against certain prosecution witnesses, which would then be dismissed for their false testimony before the grand jury and at the trial implicating [the Plaintiff] in the murder of an Albuquerque police officer." *Robinson*, 895 F.2d at 651. The court found the police officers' inducement of others to give false testimony against the Plaintiff was an ongoing conspiracy for malicious prosecution that continued through the murder trial and the cause of action did not accrue until he was acquitted of the murder charge. *Id.* at 654.

-4-

The court in *Robinson* also held that Plaintiff's claims of false arrest and false imprisonment were essentially part of the malicious prosecution conspiracy. *Robinson*, 895 F.2d at 654. It agreed that the district court's rejection of "defendants' characterization of the case as discrete claims and acts including false arrests and fabrications." *Id.* Instead the court accepted "plaintiff's characterization that this was one conspiracy to 'frame' Robinson and was a single continuing violation of the 'plaintiff's constitutional rights tied together by a plan to 'get' Robinson at all costs." *Id.*

The *Robinson* case is clearly distinguishable. Hall has not alleged in this case that the Defendants engaged in a conspiracy to charge him with a drug offense, conspired with others to build a case against him, or had an overall scheme to frame and arrest him. *Robinson*, 895 F.2d at 657. In fact, Hall admits he had marijuana on him when he was arrested.

In this case, all actions that Hall alleges are unconstitutional stem from his arrest on August 27, 2004, and the report of the officers about the arrest. Hall's allegation about the officers' false testimony is based on the fact that at later court proceedings they offered testimony consistent with their report.

Hall's illegal search and seizure claims were not barred by *Heck* and the causes of action accrued on August 27, 2004. *See e.g., Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000)(noting footnote seven and concluding unlawful search and seizure claims are not barred by *Heck*); *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir. 1983)(cause of action for illegal search or seizure accrues when act occurs).

Hall's claims that the Defendants presented false testimony in a probation revocation hearing and a civil forfeiture proceeding are also subject to dismissal. As witnesses they are absolutely immune from a suit under § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d

96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

To the extent Hall claims the Defendants brought false criminal charges against him which were later dismissed, the claim fails.  The Arkansas Constitution provides that only a prosecutor can file a criminal information or indictment. *Ark. Const. amend.* 21, § 1.  The filing of criminal charges and the choice of what charges to file is entirely within the prosecutor's discretion. *See e.g., State v. Murphy*, 315 Ark. 68, 864 S. W. 2d 842 (1992).  Similarly, it was the prosecutor, not the Defendants, who later dismissed the felony possession of a controlled substance charge and instead proceeded with a misdemeanor possession charge.

## Conclusion

Accordingly, I recommend that the complaint be dismissed with prejudice.  The claims asserted are frivolous and fail to state claims upon which relief may be granted.  28 U.S.C. § 1915A(b).  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of February 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE